IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                             Case No.10-10140 -JTM

CARLIS D. ROGERS and
JACQUES D. DUBOSE,

        Defendants.


**MEMORANDUM AND ORDER**

Before the court is defendant Carlis D. Rogers's pro se Motion to Amend Presentence Investigation Report (Dkt. 115). Rogers was charged in a four-count indictment with (1) bank robbery, (2) brandishing a firearm during the commission of a crime of violence, (3) conspiracy to use a firearm during a crime of violence, and (4) felon in possession of a firearm. Rogers, represented by counsel, pled guilty to felon in possession of a firearm. The government dismissed Counts 1 – 3 as part of the plea agreement. Neither party objected to the U.S. Probation Office's presentence investigation report ("PSR") before or during the sentencing hearing. (Dkt. 102). He was sentenced to 84 months' imprisonment on June 6, 2014. (Dkt. 108). Rogers now moves to amend or correct portions of his PSR relating to counts 1 and 2, which state that he brandished a firearm during a bank robbery.

A district court lacks subject matter jurisdiction to correct a PSR after sentencing. *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994); *see also* FED. R. CRIM. P.

1

32(i)(3)(B). Rogers's PSR objection is therefore untimely. However, pro se pleadings must be construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). The court may construe an untimely, pro se PSR objection as a motion to correct, set aside, or vacate a sentence pursuant to 28 U.S.C. § 2255 if it is apparent that defendant intended his motion to be so construed. *Warner*, 23 F.3d at 291.

Here, Rogers does not challenge the validity of his sentence. He merely challenges factual statements contained in the PSR. Rogers specifies that his concern is that the information in his PSR may negatively affect him in the future. He does not object to his current sentence. Thus, the court finds that Rogers does not intend his motion to be construed as a § 2255 motion; it is a motion to correct the PSR. The motion is denied because the court lacks subject matter jurisdiction to correct a PSR after sentencing.

IT IS ACCORDINGLY ORDERED this 9th day of December, 2014, that Rogers's Motion (Dkt. 115) is DENIED.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE